UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| KEVIN CORNWELL, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No. 08-cv-03758(VM) **(Consolidated)** |
|  | : |  |
| Plaintiff, | : | CLASS ACTION |
|  | : |  |
| vs. | : | SETTLEMENT AGREEMENT |
|  | : |  |
| CREDIT SUISSE GROUP, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

593810_3

This Settlement Agreement dated March 7, 2011 (the "Stipulation" or the "Settlement Agreement"), embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties:[1] (i) the Lead Plaintiffs (on behalf of themselves and each of the members of the Settlement Class), and (ii) the Defendants, by and through their counsel of record in the above-referenced consolidated class action litigation pending in the United States District Court for the Southern District of New York (the "Action").   The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (including Unknown Claims), upon and subject to the terms and conditions hereof and subject to the approval of the Court.

I.      THE LITIGATION

On and after April 21, 2008, two lawsuits were filed in the United States District Court for the Southern District of New York (the "Court") as putative securities class actions on behalf of all Persons who purchased the securities of Credit Suisse Group ("CSG") during the period between February 15, 2007 and April 14, 2008, inclusive.

These actions were consolidated for all purposes into the Action by Order dated June 23, 2008.   On July 7, 2008, the Court entered Plaintiffs' Joint Stipulation and Order Regarding Appointment of Lead Plaintiffs and Approval of Selection of Lead Counsel.

Lead Plaintiffs filed an Amended Complaint for Violation of the Federal Securities Laws (the "Complaint") on October 21, 2008.   The Complaint alleged violations of §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 promulgated thereunder, and §20(a) of the Exchange Act.   Defendants moved to dismiss the Complaint, which motion was opposed by Lead

---

[1]      Capitalized terms shall have the meaning set forth in Part IV.1. herein.

Plaintiffs.  On September 28, 2009, the Court issued an Order granting the motion to dismiss for lack of subject matter jurisdiction.  On October 5, 2009, the Court issued a Decision and Amended Order on the motion to dismiss, and ordered that Lead Plaintiffs may file a request for leave to amend the Complaint.  Lead Plaintiffs made such a request for leave to amend, which Defendants opposed as futile.  The motion was granted in part, and denied as to foreign purchasers of CSG common stock traded on the Swiss Stock Exchange, by Decision and Order dated February 11, 2010.  On March 10, 2010, Lead Plaintiffs filed their Second Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Amended Complaint").

Following the Supreme Court's issuance of its opinion in *Morrison v. Nat'l Austl. Bank Ltd.*, ___ U.S. ___, 130 S. Ct. 2869 (2010), by Corrected Decision and Order dated July 27, 2010, the Court dismissed the claims of Louisiana Municipal Police Employees Retirement System and of all purchasers (including U.S. purchasers) of CSG common stock traded on the Swiss Stock Exchange, but did not certify the dismissal as final under Fed. R. Civ. P. 54(b).  The parties agreed to mediate before the Honorable Layn R. Phillips (Ret.), and attended a full-day mediation with Judge Phillips on November 4, 2010, but were unable to reach an agreement.  Following further negotiations and a second full-day mediation with Judge Phillips, on January 6, 2011, the parties reached an agreement-in-principle.

## II.    CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims.  However, Lead Plaintiffs and Co-Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial and through appeals.  Lead Plaintiffs and Co-Lead Counsel also have taken into account the uncertain outcome and the risk of

- 2 -

any litigation, especially in complex actions such as the Action, as well as the risks posed by the difficulties and delays inherent in such litigation.  Lead Plaintiffs and Co-Lead Counsel also are mindful of the defenses to the securities law violations alleged in the Action, as well as the current procedural posture of the case.  Lead Plaintiffs and Co-Lead Counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class.  Based on their evaluation, Lead Plaintiffs and Co-Lead Counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Settlement Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Action.  The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  The Defendants also have denied and continue to deny, *inter alia*, the allegations that Defendants' public statements were deficient in any respect; that the Lead Plaintiffs or the Settlement Class have suffered damage; and that the price of any CSG securities were artificially inflated by reason of alleged misrepresentations, non-disclosures or otherwise.

Nonetheless, the Defendants have concluded that further continuation of the Action would be protracted and expensive.  The Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiffs (for themselves and the members of the Settlement Class) and the Defendants, by and

- 3 -

through their respective counsel or attorneys of record, that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims (including Unknown Claims) shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.      Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1      "Authorized Claimant" means any member of the Settlement Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2      "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3      "Settlement Class" means: (a) all purchasers of CSG American Depository Shares ("ADS") on the New York Stock Exchange during the Class Period, and (b) all U.S. residents who purchased CSG securities on the Swiss Stock Exchange during the Class Period.  Excluded from the Settlement Class are: (i) Persons otherwise meeting the definition of the Settlement Class who submit valid and timely requests for exclusion from the Settlement Class; and (ii) Defendants, the officers and directors of CSG during the Class Period, members of their immediate families, and their representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

1.4      "Class Member" means a Person who falls within the definition of the Settlement Class as set forth in ¶1.3 of this Stipulation.

1.5      "Class Period" means the period between February 15, 2007 through April 14, 2008, inclusive.

- 4 -

1.6    "Co-Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Samuel A. Rudman, David A. Rosenfeld, 58 South Service Road, Suite 200, Melville, NY 11747 and Scott+Scott LLP, David R. Scott, Beth Kaswan, 500 Fifth Avenue, 40th Floor, New York, NY 10110.

1.7    "Defendants" means CSG, Brady W. Dougan, Renato Fassbind, D. Wilson Ervin and Paul Calello (including his estate).

1.8    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP and Scott+Scott LLP or their successors.

1.10    "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Distribution of the Settlement Fund.

1.11    "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, in the form attached hereto as Exhibit B.

1.12    "Lead Plaintiffs" means Kevin Cornwell, John M. Grady and Louisiana Municipal Police Employees Retirement System ("LAMPERS").

1.13    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.14    "Plaintiffs' Counsel" means any counsel who appeared on behalf of any plaintiff in the Action.

1.15    "Plan of Distribution," as further defined in §VII of the Notice of Pendency and Proposed Settlement of Class Action, means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest and other expenses as may be awarded by the Court. Any Plan of Distribution is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

1.16    "Released Claims" means all claims, whether known or unknown (including, but not limited to, Unknown Claims), that were asserted or could have been asserted in this Action by Lead Plaintiffs or members of the Settlement Class against the Released Persons under federal, state or foreign law, including, without limitation, all claims based upon, arising out of, or relating to, in any way, (i) the claims or facts and circumstances that were alleged or could have been alleged in the Amended Complaint or asserted in this Action; and (ii) the purchase of CSG securities during the Class Period by Class Members, and excluding claims to enforce the Settlement.

- 6 -

1.17    "Released Persons" means each and all of the Defendants and each and all of their present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors, and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, and assigns of each of them.

1.18    "Settlement Fund" means Seventy Million Dollars ($70,000,000) in cash to be paid by means of wire transfer, check(s) or money order(s) to the Escrow Agent pursuant to ¶2.1 of this Stipulation together with all interest and income earned thereon.

1.19    "Settling Parties" means, collectively, (i) the Defendants, and (ii) the Lead Plaintiffs on behalf of themselves and the Class Members.

1.20    "Unknown Claims" means any claims which any Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits

- 7 -

conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims (including Unknown Claims), but the Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, grossly negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was bargained for separately and is a key element of the Settlement of which this release is a part.

## 2. The Settlement

### a. The Settlement Fund

2.1      CSG and/or its insurers shall cause the payment of the $70,000,000 to be transferred to the Escrow Agent within ten (10) business days following entry of an order preliminarily approving the Settlement. At least ten (10) business days prior to the submission of preliminary approval papers to the Court, Co-Lead Counsel will provide the necessary payment instructions for the payments to the Settlement Fund to Defendants and their insurers. These funds, together with any interest and income earned thereon, shall constitute the Settlement Fund. Upon entry of an order

preliminarily approving the Settlement, a sum not to exceed Two Hundred and Fifty Thousand Dollars ($250,000) shall be allocated for the express purposes of providing notice to the Settlement Class and to administer the Settlement pursuant to the terms of the Notice Order (the "Notice and Administration Fund"), and unspent funds shall be returned to the Settlement Fund. Funds may be disbursed from the Notice and Administration Fund for these purposes without further approval of Defendants or the Court. The Notice and Administration Fund shall be administered by the Escrow Agent as part of the Settlement Fund. Upon the Effective Date, Co-Lead Counsel, without further approval of Defendants or the Court, may pay from the Settlement Fund any notice and administration costs associated with the administration of the Settlement, the processing of submitted claims, and distribution of the Net Settlement Fund to Authorized Claimants in excess of the Notice and Administration Fund.

### b.    The Escrow Agent

2.2    The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

2.3    The Escrow Agent shall not disburse the Settlement Fund except (a) in order to pay up to $250,000 for notice and administration costs pursuant to ¶2.1, (b) as provided in the Stipulation, (c) by an order of the Court, or (d) with the written agreement of counsel for the Settling Parties.

2.4    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are

- 9 -

consistent with the terms of the Stipulation.  The Settling Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

### c.    Taxes

### 2.6    Qualified Settlement Fund

(a)    The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.6, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  Co-Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.6(a) hereof) shall be consistent with this ¶2.6 and in all events shall reflect that all Taxes (including any estimated Taxes,

interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.6(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Settling Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.6 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.6) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Defendants and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Defendants nor their counsel are responsible nor shall they have any liability therefore.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.6.

### d.     Termination of Settlement

2.7     In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest and income), less expenses actually incurred or due and owing for notice and administrative costs pursuant to ¶2.1 or ¶2.6, shall be refunded to CSG and its insurers pursuant to written instructions from CSG's counsel, which instructions shall reflect CSG's and its insurers' respective contributions to the Settlement Fund, as well as repayment of their respective *pro rata* shares of any interest and income.

### 3.     Notice Order and Settlement Hearing

3.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Distribution, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

3.2     Co-Lead Counsel shall request that after notice is given to the Settlement Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Co-Lead Counsel also shall request that the Court approve the proposed Plan of Distribution and the Fee and Expense Application.

593810_3

4.    **Releases**

4.1      Upon the Effective Date, the Lead Plaintiffs and each of the Class Members who have not timely opted out of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms and whether or not such Class Members become Authorized Claimants) all Released Claims (including Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims (including Unknown Claims).

4.2      Upon the Effective Date, the Lead Plaintiffs and each of the Class Members who have not timely opted out of the Settlement Class, and their predecessors, successors, agents, representatives, attorneys and affiliates, and the heirs, executors, administrators, successors and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants, or any other Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims (including Unknown Claims).

4.3      The Proof of Claim and Release form to be executed by Class Members shall release all Released Claims (including Unknown Claims) against the Released Persons and shall be in the form contained in Exhibit A-2 attached hereto.

- 13 -

4.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Lead Plaintiffs, Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims (including Unknown Claims).

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Settlement Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     Within ten (10) business days of the Court's preliminary approval of this Settlement Agreement, CSG shall cause its transfer agent to provide to the Claims Administrator or to Co-Lead Counsel, in a computer-readable format, the last known names and addresses of all Class Members. CSG shall bear its own expense of providing such names and addresses.

5.3     Within ten (10) business days of CSG's transfer agent providing the Claims Administrator or Co-Lead Counsel with the last known names and addresses of all shareholders of record as required by ¶5.2 hereof, Co-Lead Counsel will cause to be mailed to all shareholders of record identified by CSG's transfer agent a form of notice, in the form of Exhibit A-1 attached hereto, setting forth the terms of the Stipulation, including the proposed Plan of Distribution and Co-Lead Counsel's proposed request for attorneys' fees and expenses; the right to object to the Settlement, proposed Plan of Distribution, or proposed request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Settlement Class. The

- 14 -

Notice and Proof of Claim and Release form shall be posted on the Claims Administrator's website. A summary notice, in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and once over the *PR Newswire*. The cost of providing such notice shall be paid out of the Settlement Fund.

5.4     The Settlement Fund shall be applied as follows:

(a)     to pay Plaintiffs' Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(c)     to pay the Taxes and Tax Expenses described in ¶2.6 hereof; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Court.

5.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Distribution, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.6     Within ninety (90) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, in the form of Exhibit

- 15 -

A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release form and as are reasonably available to such Person.

5.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release form within such period, or such other period as may be ordered by the Court, or who file a Proof of Claim and Release form that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

5.8     Co-Lead Counsel shall cause the Claims Administrator to calculate the allocation of the Net Settlement Fund of each Authorized Claimant. Following the Effective Date, Co-Lead Counsel shall cause the Claims Administrator to mail to each Authorized Claimant his, her, or its *pro rata* share. The cost of these procedures shall be paid out of the Settlement Fund.

5.9     Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), any such balance shall be distributed to an Internal Revenue Code Section 501(c)(3) charity designated by Co-Lead Counsel and unaffiliated with Defendants, Defendants' affiliates, Lead Plaintiffs, or Plaintiffs' Counsel.

5.10    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Distribution, the

- 16 -

determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.11    Defendants shall take no position with respect to the Plan of Distribution or any other such plan as may be approved by the Court.

5.12    It is understood and agreed by the Settling Parties that any proposed Plan of Distribution of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Distribution shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Distribution.

5.13    No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Defendants, the Released Persons or their respective counsel, or the Claims Administrator, based on the administration of the Settlement, including, without limitation, the processing of claims and distributions made in accordance with this Settlement Agreement and the Settlement contained herein, the Plan of Distribution, or further order(s) of the Court.

## 6.    Co-Lead Counsel's Attorneys' Fees and Expenses

6.1    Co-Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for (a) an award of attorneys' fees to be paid out of the Settlement Fund; plus (b) expenses incurred in connection with prosecuting the Action.  The Defendants will take no position with regard to the Fee and Expense Application.

- 17 -

Neither Co-Lead Counsel nor any Class Member shall be entitled to terminate the Stipulation if the Court or any appellate court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.

6.2     The attorneys' fees, expenses, and costs, including the fees of experts and consultants, as awarded by the Court, shall be paid to Co-Lead Counsel from the Settlement Fund, as ordered, immediately after the Court enters an order approving the Settlement and awarding such fees and expenses. This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on the Settlement. Co-Lead Counsel shall thereafter allocate the attorneys' fees amongst other Plaintiffs' Counsel in a manner that Co-Lead Counsel in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action. Defendants shall have no obligation to make any payment other than as provided in funding the Settlement Fund and shall have no responsibility with respect to the allocation of attorneys' fees amongst Plaintiffs' Counsel. In the event that the judgment or the order awarding such fees and expenses paid to Co-Lead Counsel pursuant to ¶6.1 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Co-Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees, expenses, and/or costs to the Settlement Fund, plus interest thereon at the same rate as earned on the Settlement Fund, within twenty (20) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction.

6.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to

- 18 -

terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

6.4     Released Persons shall have no responsibility for any payment of attorneys' fees and expenses to Co-Lead Counsel or any Class Member's counsel over and above payment of the Settlement Fund.

6.5     Released Persons shall have no responsibility for the allocation among Plaintiffs' Counsel or any Class Member's counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     CSG or its insurers, on behalf of Defendants, have deposited the Settlement Fund with the Escrow Agent;

(c)     the Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof;

(d)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.10 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and

593810_3

forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Co-Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with the Settlement.

7.3     The Defendants shall have the option to terminate the Settlement in the event that Class Members representing more than a certain number of CSG securities subject to this Settlement choose to exclude themselves from the Settlement Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiffs and the Defendants.  If the Court requires that the Supplement Agreement be filed, it shall be filed under seal with the Court.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Defendants or Co-Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest and income), less expenses which have either been incurred or disbursed for notice and administration costs pursuant to ¶2.1, or pursuant to ¶2.6 hereof, shall be refunded to CSG and its insurers pursuant to written instructions from CSG's counsel, which instructions shall reflect CSG's and its insurers' respective contributions to the Settlement Fund, as well as repayment of their respective *pro rata* shares of any interest and income. At the request of counsel for the Defendants, the Escrow Agent or its designees shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of counsel to the Defendants.

7.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.20, 2.4, 2.6, 2.7, 6.2, 7.4-7.5

- 20 -

and 8.3-8.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of January 6, 2011, and shall be required to present an amended schedule to the Court. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Distribution or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Co-Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

### 8. Miscellaneous Provisions

8.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the Class Members and the Defendants with respect to the Action. The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the Judgment shall contain a finding that, during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any

- 21 -

contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

8.3     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be, or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

8.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7     The Stipulation and the Exhibits attached (together with the Supplemental Agreement referred to in ¶7.3) hereto constitute the entire agreement among the Settling Parties and supersede any prior agreement, understanding or representations by or among the Settling Parties, written or

oral, that may have related in any way to the subject matter hereof, including the January 6, 2011 Settlement Term Sheet, and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein (or, as between the Defendants), each Settling Party shall bear its own costs.

8.8     Neither the Class Members nor the Defendants shall be bound by the Stipulation if the Court or any appellate court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court or any appellate court modifies any proposed Plan of Distribution or criteria for allocation of the Settlement Fund amongst Class Members, or the Plan of Distribution is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court or any appellate court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Distribution or the Stipulation with respect to attorneys' fees or expenses, Defendants shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

8.9     Co-Lead Counsel, on behalf of the Settlement Class, are expressly authorized by the Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

- 23 -

8.10    Lead Plaintiffs and Co-Lead Counsel represent and warrant that none of the Class Members' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

8.11    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

8.12    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Any party may execute this Stipulation by signing on the designated signature block below, and transmitting that signature page via facsimile or email to counsel.  Any signature made and transmitted by facsimile or email for the purpose of executing this Stipulation shall be deemed an original signature for purposes of this Settlement Agreement, and shall be binding upon the party transmitting the signature by facsimile or email.  A complete set of executed counterparts shall be filed with the Court.

8.13    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

8.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.15    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims (including Unknown Claims) against any of the Released Persons.

- 24 -

8.16    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice-of-law principles.

8.17    The captions or headings of the sections and paragraphs of this Stipulation have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated March 7, 2011.

> ROBBINS GELLER RUDMAN
>    & DOWD LLP
> SAMUEL H. RUDMAN
> DAVID A. ROSENFELD
> JARRETT S. CHARO
> MARISA N. DEMATO
> CAROLINA C. TORRES
> 58 South Service Road, Suite 200
> Melville, NY  11747
> Telephone:  631/367-7100
> 631/367-1173 (fax)
> srudman@rgrdlaw.com
> drosenfeld@rgrdlaw.com
> jcharo@rgrdlaw.com
> mdemato@rgrdlaw.com
> ctorres@rgrdlaw.com
>
> ROBBINS GELLER RUDMAN
>    & DOWD LLP
> DARREN J. ROBBINS
> DAVID C. WALTON
> ELLEN GUSIKOFF STEWART
>
> _____
>         ELLEN GUSIKOFF STEWART

- 25 -

593810_3

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
davew@rgrdlaw.com
elleng@rgrdlaw.com

SCOTT+SCOTT LLP
BETH A. KASWAN
THOMAS LAUGHLIN


BETH A. KASWAN

500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: 212/223-6444
212/223-6334 (fax)
bkaswan@scott-scott.com
tlaughlin@scott-scott.com

SCOTT+SCOTT LLP
DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860/537-5537
860/537-4432 (fax)
drscott@scott-scott.com

Lead Counsel for Plaintiffs

LAW OFFICES OF BERNARD M. GROSS P.C.
DEBORAH R. GROSS
Wanamaker Building, Suite 450
100 Penn Square East
Philadelphia, PA 19107
Telephone: 215/561-3600
215/561-3000 (fax)
debbie@bernardmgross.com

Additional Counsel for Plaintiffs

- 26 -

593810_3

CRAVATH, SWAINE & MOORE LLP
RICHARD W. CLARY
DARIN P. MCATEE

*Richard Clary /wpm*

RICHARD W. CLARY

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: 212/474-1000
212/474-3700 (fax)

Attorneys for Defendants

- 27 -

593810_3