USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
KEVIN CORNWELL, Individually and On  : Civil Action No. 08-cv-03758(VM)
Behalf of All Others Similarly Situated,  : **(Consolidated)**
                                     :
              Plaintiff,             : CLASS ACTION
                                     :
    vs.                              :    ORDER PRELIMINARILY
                                     : APPROVING SETTLEMENT AND
CREDIT SUISSE GROUP, et al.,         : PROVIDING FOR NOTICE
                                     :
              Defendants.            :
                                     :
---------------------------------------- x

WHEREAS, a consolidated action is pending before this Court styled *Cornwell v. Credit Suisse Group, et al.*, Civil Action No. 1:08-cv-03758(VM) (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Action, in accordance with a Settlement Agreement dated March 7, 2011, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of this Order, the Court adopts all definitions of terms as set forth in the Settlement Agreement, which shall control if it conflicts with any definition in this Order.

2. The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

3. A hearing (the "Final Approval Hearing") shall be held before this Court on July 18, 2011, at 3:00 p.m., in courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Settlement Agreement should be entered; whether the proposed Plan of Distribution should be approved; and to determine any amount of fees and expenses that should be awarded to Co-Lead Counsel. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

- 1 -

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of the Settlement Agreement and effectuating the Settlement, a Settlement Class of: (a) all purchasers of CSG American Depository Shares ("ADS") on the New York Stock Exchange during the period between February 15, 2007 and April 14, 2008, inclusive (the "Class Period"), and (b) all U.S. residents who purchased CSG securities on the Swiss Stock Exchange, during the Class Period. Excluded from the Settlement Class are (i) Persons otherwise meeting the definition of the Settlement Class who submit valid and timely requests for exclusion from the Settlement Class; and (ii) Defendants, the officers and directors of CSG during the Class Period, members of their immediate families, and their representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

5.      Solely for purposes of the Settlement Agreement and the Settlement, the Court finds that (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.      Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Not later than April 22, 2011, CSG shall, at its own expense, provide to the Claims Administrator, in an electronic format acceptable to the Claims Administrator, CSG's transfer records for the Class Period;

(b)     Not later than May 2, 2011 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first-class mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(c)     Not later than May 12, 2011, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *PR Newswire*; and

(d)     Not later than June 17, 2011, Co-Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.      Nominees who purchased CSG securities covered by this Settlement for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim to all such beneficial owners of such CSG securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

8.  Other than the cost of providing CSG's transfer records to the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Settlement Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

9.  All members of the Settlement Class shall be bound by all determinations, orders and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

10. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than August 1, 2011.  Any Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

11. Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  Any member of the Settlement Class that does not enter an appearance will be represented by Co-Lead Counsel.

- 4 -

12.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such Person must submit to the Claims Administrator a written request for exclusion ("Request for Exclusion"), postmarked no later than July 1, 2011. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases of CSG securities during the Class Period, including the dates, the number and type of CSG securities purchased, and price paid for each such purchase; and (c) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

13.     Co-Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than July 8, 2011.

14.     Any member of the Settlement Class may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, or why the Plan of Distribution should not be approved, or why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiff(s); provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiff(s), unless written objections and copies of any papers and briefs are received by Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101;

Beth A. Kaswan, Scott+Scott LLP, 500 Fifth Avenue, 40th Floor, New York, NY 10110; and Richard W. Clary and Darin P. McAtee, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019, on or before July 1, 2011; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before July 1, 2011. Any member of the Settlement Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Distribution, and to the award of attorneys' fees and expenses to Lead Plaintiffs' counsel, unless otherwise ordered by the Court.

15. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

16. All papers in support of the Settlement, Plan of Distribution, and any application by counsel for Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than June 27, 2011, and any reply papers (which may include a response to objections, if any) shall be filed and served by July 11, 2011.

17. The Released Persons shall have no responsibility or liability for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

18. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Distribution proposed by Plaintiffs' Counsel, and any application for attorneys' fees and expenses should be approved.

19. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶5.4(b) and (c) of the Settlement Agreement, except as required under ¶6.2 of the Settlement Agreement.

20. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

21. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated: New York, NY

24 March , 2011

THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE