Marrero, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN CORNWELL, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

CREDIT SUISSE GROUP, et al.,

Defendants.

Civil Action No. 08-cv-03758(VM)
**(Consolidated)**

CLASS ACTION

FINAL JUDGMENT AND ORDER OF DISMISSAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/20/11

WHEREAS, this matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated March 24, 2011, on the application of the parties for approval of the Settlement set forth in the Settlement Agreement dated March 7, 2011;

WHEREAS, on March 24, 2011, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified, solely for purposes of the Settlement Agreement and effectuating the Settlement, a Settlement Class of: (a) all purchasers of CSG American Depository Shares ("ADS") on the New York Stock Exchange during the period between February 15, 2007 and April 14, 2008, inclusive (the "Class Period"), and (b) all U.S. residents who purchased CSG securities on the Swiss Stock Exchange during the Class Period. Excluded from the Settlement Class are (i) Persons otherwise meeting the definition of the Settlement Class who submitted valid and timely requests for exclusion from the Settlement Class; and (ii) Defendants, the officers and directors of CSG during the Class Period, members of their immediate families, and their representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest;

WHEREAS, due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. Pursuant to Federal Rule of Civil Procedure 23(e), this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class, and the Settling Parties are hereby directed to perform its terms.

4. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims (including Unknown Claims) of the Settlement Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Settlement Agreement and herein.

5. Upon the Effective Date hereof, Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim, and whether or not such Class Member is an Authorized Claimant.

6. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

7. Lead Plaintiffs, all members of the Settlement Class, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred, enjoined, and restrained from instituting, commencing or prosecuting, either directly or in any other capacity, in the Action or any other action or proceeding any Released Claims (including Unknown Claims) against any of the Released Persons. The Released Claims (including Unknown Claims) against each and all of the Released Persons shall be released and dismissed with prejudice and on the merits. Nothing in this paragraph shall release the Released Claims against the Released

Persons by a Class Member who submitted a timely, signed request for exclusion from the Settlement Class and who did not submit a timely, written notice stating his, her, or its desire to retract the request for exclusion from the Settlement Class and are identified on Exhibit 1 attached hereto ("Opt-Out Plaintiffs").

8. The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

9. Any plan of distribution submitted by Co-Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

10. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or the Released Persons may file the Settlement Agreement and/or this Final Judgment and Order in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest and income earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

12. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

14. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

IT IS SO ORDERED.

Dated: New York, NY
18 July, 2011

THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE



593824_4

CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2011, I submitted the foregoing to orders and judgments@nysd.uscourts.gov and e-mailed to the e-mail addresses denoted on the Court's Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 11, 2011.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

Bernard M. Gross
THE LAW OFFICE OF BERNARD M. GROSS, P.C.
100 Penn Square East, Suite 450
Juniper and Market Streets
Philadelphia, PA 19107

EXHIBIT 1

Elizabeth C. Patterson
[redacted]

June 7, 2011

Credit Suisse Group Securities Litigation

Claims Administrator
c/o Gilardi & Co., LLC
P.O. Box 808003
Petaluma, CA 94975-8003

To Whom It May Concern:

I request to be excluded from the settlement class. I purchased 175 shares of Credit Suisse GRP ADR F on November 8, 2007.

Signed: Elizabeth C. Patterson
Elizabeth C. Patterson

[redacted]

E.C. PATTERSON
[redacted]

SAN FRANCISCO CA 941
07 JUN 2011 PM 5 L

RECEIVED PR
JUN - 8 2011
CLAIMS CENTER

*Credit Suisse Group Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 808003
Petaluma, CA 94975-8003

CRSUISSE

# Exclusion Request

Cristiano Neves Martins
[redacted]
ZIP: [redacted]
[redacted]
Phone: [redacted]

Dear Claim Administrator,

I hereby request my exclusion from the Settlement Class of Civil Action No. 08-cv-03758(VM): Kevin Cornwell (Plaintiff) vs. Credit Suisse Group, et al. (Defendants).

Follow all my purchases and sales of CSG securities during the Class Period:

| Operation type | Trade date | Number of Shares | Shares Type | Cost Basis |
|---|---|---|---|---|
| Purchase | 09/05/07 | 50 | Credit Suisse Group Sponsored ADR | $3,311.00 |
| Sale | 12/24/07 | 50 | Credit Suisse Group Sponsored ADR | $2,976.46 |

I'd appreciate if you could send me a confirmation of my exclusion.

Sincerely,

Cristiano Neves Martins

Cristiano Neves Martins
[redacted]
ZIP: [redacted]

REGISTRADO URGENTE
*REGISTERED PRIORITY*

RM 78052057 6 BR

CRSUISSE

*Credit Suisse Group Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 808003
Petaluma, CA 94975-8003



WorkCover
NEW SOUTH WALES

10 June 2011

Credit Suisse Group Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 808003
Peteluma, CA 94975-8003
United States of America

Notice of exclusion from the settlement class

Please be advised that the Workers Compensation Insurance Fund wishes to be formally excluded from the current settlement class. Please find attached the required details to be excluded from the settlement class.

Beneficial owner: Workers Compensation Insurance Fund
Address: [redacted]
Contact name: Brett Lawrence
Phone number: [redacted]
Fax number: [redacted]
Email: [redacted]

| Trade date | Settlement date | Purchase / Sale | Security type | Number of shares | Price | Amount |
|---|---|---|---|---|---|---|
| 03/25/2008 | 03/28/2008 | Purchase | Common stock | 12800 | 51.5619 | 661048.3 |
| 09/28/2007 | 09/28/2007 | Purchase | Common stock | 53766 | 60.20209 | 3236826 |
| 05/08/2008 | 05/14/2008 | Purchase | Common stock | 4700 | 56.98208 | 267949.7 |

Yours sincerely,

Jerome Lander
General Manager
Investment Division
WorkCover NSW
Acting for Workers Compensation
Nominal Insurer

WorkCover. **Watching out for you.**

WorkCover NSW [redacted]

WC1339LH

WORKCOVER NEW SOUTH WALES

WorkCover. **Watching out for you.**

The Return address is:
Singapore Post Centre
PO Box 858
Singapore 914016

PRINTED MATTER
AIRMAIL

SINGAPORE
PP 70082

POSTAGE PAID AUSTRALIA

Credit Suisse Group Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 808003
Petaluma, CA 94975-8003
United States of America

RECEIVED PR
JUN 30 2011
CLAIMS CENTER

[redacted]

94975$8003 BSGO

Credit Suisse Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. 808003
Petulaluma, CA 94975-8003
U.S.A.

Henk and Sabine Bruggeman
[redacted]

June 18, 2011

**EXCLUSION FROM THE SETTLEMENT CLASS No. 08-cv-03758(VM)**

Dear Sir/Madam,

We received the notice of pendency and proposed settlement of class action on June 18, 2011. With reference to point X., **we wish to be excluded from the Settlement Class:**

1) Henk and Sabine Bruggeman, address as above, phone [redacted] or +[redacted]
2) 25 "CS" shares bought on November 13, 2007 (none sold).

Sincerely,

Henk Bruggeman

Sabine Bruggeman

Henk e Sabine Bruggeman
[redacted]

Credit Suisse Group Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 808003
Petaluma, CA 94975-8003

V.S.A

RECEIVED PR
JUL -1 2011
CLAIMS CENTER

CRSUISSE

94975+8003 B900

Robbins Geller Rudman & Dowd LLP

Atlanta
Boca Raton
Melville
New York
Philadelphia
San Diego
San Francisco
Washington, DC

July 11, 2011

VIA ELECTRONIC MAIL

Clerk of the Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Orders and Judgments Clerk
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Cornwell v. Credit Suisse Group, et al.*
Civil Action No. 08-cv-03758(VM)

Dear Clerk:

Please find attached the following documents:

1. [Proposed] Order Approving Plan of Distribution of Settlement Proceeds;

2. [Proposed] Order Awarding Attorneys' Fees and Expenses; and

3. [Proposed] Final Judgment and Order of Dismissal.

In conjunction with a hearing before Judge Marrero scheduled for July 18, 2011, the following documents were e-filed on July 11, 2011.

Reply Memorandum in Support of Lead Plaintiffs' Motion for (1) Final Approval of Settlement and Plan of Distribution of Settlement Proceeds; (2) Class Certification; and (3) an Award of Attorneys' Fees and Expenses; and

Supplemental Declaration of Carole K. Sylvester Re Mailing of the Notice of Pendency and Proposed Settlement of Class Action and the Proof of Claim and Release Form.

Sincerely,

Donna Scott

Donna Scott
Legal Secretary

/dss
Enclosures

635903_1

655 West Broadway, Suite 1900 San Diego, CA 92101 Tel 619 231 1058 Fax 619 231 7423 rgrdlaw.com